```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
IN RE AVON PRODUCTS, INC.           :
SECURITIES LITIGATION               :
------------------------------------------------------ :
IN RE AVON PRODUCTS, INC.           :
ERISA LITIGATION                    :        Master File No. 05 Civ. 06803 (LAK)
------------------------------------------------------x
                                    :
THIS DOCUMENT RELATES TO:           :
                                    :
IN RE AVON PRODUCTS, INC.           :
ERISA LITIGATION                    :

        Case Nos. 05 Civ. 8603
                  05 Civ. 8696
------------------------------------------------------x
```

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Defendants move to dismiss the ERISA Class Action Consolidated Complaint for failure to state a claim upon which relief may be granted.  In a report and recommendation dated March 3, 2009 (the "R&R"), Magistrate Judge Michael H. Dolinger recommended that the motion be granted.  Plaintiffs object to the report and recommendation.

       In view of the painstaking and thorough R&R, familiarity with which is assumed, it is unnecessary for the Court to write at length.  It suffices to make a few points in response to the objections.

       First, the Court agrees with Judge Dolinger's conclusions that the portion of the Plan that bought and held Avon shares was an ESOP, that ESOP fiduciaries are presumed rebuttably to have acted appropriately by investing in employer company shares, and that a plaintiff must allege facts that, if true, would be sufficient to overcome that presumption in order to state a legally sufficient claim for relief.  *See* R&R 27-29.  Further, it is unnecessary for purposes of this motion to pass on whether a plaintiff, in order to overcome the presumption, must allege facts showing "a basis for inferring that the company was facing such a ruinous financial situation that maintaining the Plan's interest in its common stock was self-evidently financially destructive to the Plan." R&R 30-31.  It suffices here to note that the sorts of alleged problems upon which plaintiffs rely are insufficient where, as here, the employer company was earning hundreds of millions of dollars in

2

profits and paying dividends for many years before, during and after the class period.[1]  *E.g., Edgar v. Avaya, Inc.,* 503 F.3d 340, 349 (3d Cir. 2007).

Second, the objections' repeated claims that the R&R made factual determinations or failed to credit the allegations of the complaint are entirely incorrect. Judge Dolinger here did exactly what he was supposed to do – he assumed the truth of the well pleaded factual allegations of the complaint and determined whether those allegations, if proved, would be sufficient to warrant relief.

Third, plaintiffs complain that the R&R erred in stating that the "plaintiffs do not even allege that the assertedly misleading corporate statements were embodied in Plan documents." *See* R&R 39. This, they contend, undermines Judge Dolinger's conclusion that the alleged misstatements in Avon's corporate communications and SEC filings were not statements made by relevant persons in their Plan fiduciary capacity. This argument, however, is unpersuasive, substantially for the reasons stated in defendants' reply memorandum. 05 Civ. 6803 DI 57, at 8-12; *see also* R&R 36-40.

The Court has considered plaintiffs' other arguments and found them wanting.

Accordingly, defendants' motion to dismiss the ERISA Class Action Consolidated Complaint [05 Civ. 6803 DI 40; 05 Civ. 8603 DI 14; 05 Civ. 8696 DI 9] is granted in all respects.

SO ORDERED.

Dated:     March 30, 2009

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[1] *See, e.g.*, Avon Annual Report 2007, at F-3; Avon Annual Report 2006, at E-1 to E-2.